Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By J. Adams
Date Aug 2, 2024 Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY LITIGATION                                            MDL No. 2924

## TRANSFER ORDER

**Before the Panel**:*  Plaintiff in the *Sardina* action listed on Schedule A moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Sardina* to the Southern District of Florida for inclusion in MDL No. 2924.  Defendant GlaxoSmithKline, LLC, opposes the motion to vacate.

In support of his motion to vacate, plaintiff argues that federal subject matter jurisdiction over *Sardina* is lacking and that his pending motion for remand to state court should be decided before transfer.  We are not persuaded by this argument.  The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1]  *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").  "This is so even where, as here, plaintiffs assert that the removals were patently improper."  *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).  In any event, on July 17, 2024, the transferor court denied plaintiff's remand motion.

Therefore, after considering the parties' arguments, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2924, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  In our order centralizing this litigation, we held that the Southern District of Florida was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that ranitidine, the active molecule in Zantac and similar heartburn medications, can form the carcinogen N-Nitrosodimethylamine (NDMA), either during storage or when metabolized in the human body.  *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020).  Like the actions in the MDL, plaintiff in

---

* Judge Karen K. Caldwell did not participate in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

*Sardina* alleges that he developed cancer caused by ingestion of Zantac or other ranitidine-containing medication.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Robin L. Rosenberg for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

| | |
|---|---|
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

**IN RE: ZANTAC (RANITIDINE)**
**PRODUCTS LIABILITY LITIGATION**                                                    MDL No. 2924

## SCHEDULE A

<u>Northern District of California</u>

SARDINA v. GLAXOSMITHKLINE LLC, ET AL., C.A. No. 3:24−02984